**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |  |
|---|---|---|
| SHAYLA HOUSTON, Individually and as | ) | |
| Personal Representative/Administrator for | ) | |
| the Estate of Leandre Houston, Deceased. | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Case No. 1:24-cv-2054-JPH-CSW |
|  | ) | |
| CITY OF INDIANAPOLIS and | ) | |
| MITCHEL FARNSLEY, | ) | |
|  | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGE**</u>

Defendants, City of Indianapolis and Mitchel Farnsley, by counsel, herby answer Plaintiffs' Complaint as follows. For ease of Reference, the allegations from Plaintiffs' Complaint are set forth in the Answer with the Defendants' responses following each allegation.

1. This cause of action arises out of the shooting death of Leandre Houston caused by defendant, MITCHEL FARNSLEY, on November 17, 2023, at approximately 5:00 p.m. in the area of 38th Street and Shadeland Avenue, Indianapolis, Indiana.

**ANSWER: Paragraph 1 does not contain allegations against the Defendants; rather, it contains a legal conclusion to which no response is required. To the extent that another response is required, Defendants deny the allegations.**

2. As such, Plaintiff, SHAYLA HOUSTON, as Personal Representative of the Estate of Leandre Houston, deceased, seeks money damages pursuant to 42 U.S.C. §§ 1983, the Fourth and

Fourteenth Amendments to the United States Constitution, and under the common law of the State of Indiana against MITCHEL FARNSLEY, individually and CITY.

**ANSWER: Paragraph 2 does not contain allegations against the Defendants; rather, it contains a legal conclusion to which no response is required. To the extent that another response is required, Defendants deny the allegations.**

## PARTIES

3. Defendant, CITY, is a municipal corporation organized under the laws of the State of Indiana.

**ANSWER: Admit.**

4. That at all times pertinent hereto, the Defendant, CITY, was a municipal agency maintaining a division of the municipal corporation, a police department, commonly referred to as the Indianapolis Metropolitan Police Department.

**ANSWER: Admit.**

5. That at all relevant times, MITCHEL FARNSLEY of the Indianapolis Metropolitan Police Department was acting under the color of law and within the course of his employment. MITCHEL FARNSLEY is also being sued individually.

**ANSWER: Defendants admit that Mitchel Farnsley was employed by the Indianapolis Metropolitan Police Department. The remaining allegations in paragraph 5 contain legal conclusions to which no response is required. To the extent that another response is required, Defendants deny those remaining allegations.**

6. At the time of his death on November 17, 2023, decedent, LEANDRE HOUSTON, was a citizen of the United States and a resident of Marion County, Indiana.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

7. On February 21, 2024, Plaintiff, SHAYLA HOUSTON was appointed as the Personal Representative for the Estate of Leandre Houston by the Probate Division of the Marion County Superior Court, No. 49D08-2402-EU-007468.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

## FACTUAL BACKGROUND

8. On November 17, 2023, at approximately 5:00 p.m., MITCHEL FARNSLEY attempted to conduct a traffic stop of Demarqus Whitley's Chrysler 200 vehicle near 16th Street and Arlington Avenue, in the City of Indianapolis, Marion County, Indiana.

**ANSWER: Admit.**

9. On the same date, LEANDRE HOUSTON was a passenger in Demarqus Whitley's vehicle.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

10. That when the vehicle driven by Demarqus Whitely stopped at Ruskin Place near 38th Street and Shadeland Avenue, LEANDRE HOUSTON, in fear of his life, due to many previous incidents of police action shootings in Indianapolis, fled from hurt or harm. In fact, it was widely publicized concerning the number of police shootings in the City of Indianapolis. (See attached Exhibit A, Indianapolis Star Newspaper summary of the numerous police shootings, resulting in death).

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

11. That when LEANDRE HOUSTON was running for his life, MITCHEL FARNSLEY shot LEANDRE HOUSTON in the back.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

12. That as a result of the weapons being fired by MITCHEL FARNSLEY, LEANDRE HOUSTON's life resulted in his death.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

### COUNT I: EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 & 4th AMENDMENT CLAIMS AGAINST DEFENDANT MITCHEL FARNSLEY, INDIVIDUALLY

13. Paragraph 14 hereby incorporates and re-alleges the entirety of Paragraphs 1-12 as though fully set forth herein.

**ANSWER: Defendants incorporate all previous paragraph answers by reference.**

14. The conduct of MITCHEL FARNSLEY in: (a) firing at person who a reasonable police officer lacked probable cause to believe posed an immediate threat of serious physical harm to officers or others; (b) firing at person who was unrelated to any ongoing crime or felony; and (c) unreasonably firing at LEANDRE HOUSTON under totality of circumstances, constituted an unreasonable seizure, excessive force, and deprived LEANDRE HOUSTON of rights in violation of the 4th and 14th Amendment of the United States Constitution.

**ANSWER: Deny.**

15. That the conduct of MITCHEL FARNSLEY was neither justified nor necessary, because LEANDRE HOUSTON was an innocent citizen and a passenger in Demarqus Whitley's vehicle. LEANDRE HOUSTON was running for his life from wrongful police shooting, showing his back to the officers, and did not put any person or officers in imminent danger nor actively resist arrest.

**ANSWER: Deny.**

16. That in light of the facts and circumstances, MITCHEL FARNSLEY could not have reasonably believed he acted lawfully.

**ANSWER: Deny.**

17. That the actions of MITCHEL FARNSLEY were undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Deny.**

18. That the actions of MITCHEL FARNSLEY proximately caused LEANDRE HOUSTON's pain, suffering, and death.

**ANSWER: Deny.**

## COUNT II: WRONGFUL DEATH/BATTERY

19. Paragraph 17 hereby incorporates and re-alleges the entirety of Paragraphs 1-16 as though fully set forth herein.

**ANSWER: Defendants incorporate all previous paragraph answers by reference.**

20. That LEANDRE HOUSTON's death was a direct and proximate result of the careless and negligent acts of CITY. CITY failed to exercise ordinary care to train, supervise, and monitor the actions of MITCHEL FARNSLEY who acted as an agent for CITY.

**ANSWER: Deny.**

21.That MITCHEL FARNSLEY, while acting as an agent for CITY, fired at LEANDRE HOUSTON's back which resulted in HOUSTON'S death.

**ANSWER: Deny.**

22.That CITY was careless and negligent in training, supervising and monitoring Officer MITCHEL FARNSLEY, agents and employees of CITY, which was displayed by the willful, wanton, excessive, and unreasonable force utilized by MITCHEL FARNSLEY.

**ANSWER: Deny.**

23.At the time of his death, LEANDRE HOUSTON, deceased, left surviving children, and an unborn child.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations.**

24.Due to the death of LEANDRE HOUSTON, the children have been deprived of LEANDRE HOUSTON's earning capacity, probable future earnings, and support that LEANDRE HOUSTON could reasonably have provided.

**ANSWER: Deny.**

25.That due to the death of LEANDRE HOUSTON, the Children, Family and Friends have been deprived of love, care, and affection that LEANDRE HOUSTON could have reasonably provided from his continued life.

**ANSWER: Deny.**

**DEMAND FOR JURY TRIAL**

26. Plaintiff respectfully demands a jury trial in this matter for all issues triable by jury.

**ANSWER: Paragraph 26 does not contain allegations against the Defendants; rather, it contains a legal conclusion to which no response is required. To the extent that another response is required, Defendants deny the allegations.**

Defendants deny all of Plaintiff's allegations above which are not specifically admitted.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs have failed to exhaust their administrative remedies; therefore, this Court lacks subject matter jurisdiction.

3. The Plaintiffs' claims are barred to the extent they have failed to fully comply with the notice and other requirements of the Indiana Tort Claims Act ("ITCA"), IND. CODE §34-13-3-1 et seq.

4. The Plaintiffs failed to mitigate damages as required under state law.

5. To the extent the Plaintiffs' Complaint alleges negligence or state tort claims, the Defendants are immune under the ITCA and/or under common law sovereign immunity.

6. The Plaintiffs' claims are barred to the extent that they waived any such claims by their actions or inactions.

7. The Plaintiffs are barred from recovering any damages to the extent such damages were the proximate cause of the Plaintiffs' contributory negligence.

8. The Plaintiffs are barred from recovering any damages to the extent they were the proximate cause of the actions or inactions of a non-party.

9. The Plaintiffs' claims are barred to the extent they are untimely pursuant to IND. CODE § 34-11-2-4.

10. The Defendants acted in accordance with its authority pursuant to state law.

11. The Plaintiffs' recovery, if any, is limited by IND. CODE §§ 34-13-3-4, 34-13-4-1, and Revised Code of Ordinances § 292-1(c).

12. The alleged injuries and/or damages of which the Plaintiffs complain were the proximate cause of the risk voluntarily incurred and/or assumed by the Plaintiffs.

13. The Plaintiffs' claims are barred to the extent barred under IND.CODE § 34-30-11-1.

14. The Plaintiffs' claims for punitive damages against a governmental entity under state or federal law are barred, and the Plaintiffs are not entitled to punitive damages on any claims against the Defendant in their individual capacities.

15. The Defendants are entitled to any statutory and/or common law immunity applicable to the Plaintiffs' claims under federal and state law, including qualified immunity.

Respectfully submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Jess Reagan Gastineau*
Jess Reagan Gastineau (27303-53)
Deputy Chief Litigation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
jess.gastineau2@indy.gov

8

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on this Friday, December 6, 2024, through the ECF E-Filing System. Service will also be made on the Plaintiff via U.S Mail, first-class, postage pre-paid at:

Nathaniel Lee, Esq.
LEE COSSELL & FEAGLEY, LLP
531 East Market Street
Indianapolis, IN 46204

/s/ Jess Reagan Gastineau
Jess Reagan Gastineau (27303-53)
Deputy Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968